UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DEFRANCESCH FAMILY PARTNERSHIP, LLC | CIVIL ACTION NO.: 23-1757 |
| | JUDGE: |
| VERSUS | |
| | MAGISTRATE JUDGE: |
| NATIONWIDE MUTUAL INSURANCE COMPANY | |

**NOTICE OF REMOVAL**

TO THE HONORABLE JUDGES OF THE U. S. DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA:

**NOW INTO COURT**, through undersigned counsel, comes Defendant, Scottsdale Insurance Company ("Scottsdale"), who respectfully files this Notice of Removal based on the following:

1.

Plaintiff, Defrancesch Family Partnership, LLC, filed suit in the 40th Judicial District Court for the Parish of St. John the Baptist, State of Louisiana, in the action entitled *Defrancesch Family Partnership, LLC v. Nationwide Mutual Insurance Company*, Docket No. 78386, Division "C," on or about August 18, 2022.

2.

On September 28, 2022, a Notice of Removal was filed on behalf of originally named defendant, Nationwide Mutual Insurance Company, and this matter was removed to the United States District Court for the Eastern District of Louisiana.

3.

On October 5, 2022, Nationwide Mutual Insurance Company filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

4.

On October 12, 2022, Plaintiff filed a Motion for Leave to Amend Petition, which was granted by the Court on October 18, 2022.

5.

On October 18, 2022, Plaintiff filed its First Amending Petition, replacing Scottsdale with Nationwide Mutual Insurance Company as the only named defendant in this matter. Scottsdale was served with Plaintiff's First Amending Petition through the Louisiana Secretary of State on February 9, 2023.

6.

On October 24, 2022, Plaintiff filed a Motion to Remand this matter back to state court. Nationwide Mutual Insurance Company filed a Memorandum in Opposition to Plaintiff's Motion to Remand on November 1, 2022.

7.

Scottsdale filed an Answer to Plaintiff's First Amending Petition on March 2, 2023. On April 17, 2023, Plaintiff's Motion to Remand was granted on the grounds that there was insufficient evidence to establish that the amount in controversy exceeded the jurisdictional threshold, and this matter was transferred back to the 40th Judicial District Court for the Parish of St. John the Baptist.

8.

For the reasons set forth below, Scottsdale respectfully suggests that this Court has subject matter jurisdiction over this proceeding in accordance with 28 U.S.C. § 1332 because the parties are completely diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs.

9.

Subsequent removals are permitted, and must be based on newly acquired evidence that reveals a new factual basis for removal. S.*W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996).

10.

If a case is not initially removable, a defendant may file a notice of removal "within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

11.

The Fifth Circuit has upheld the voluntary-involuntary rule, which states that the voluntary acts of a plaintiff may qualify as an "other paper," thus, a case may become removable by evidence from the plaintiff. *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 2996) (citing *Gaitor v. Peninsular & Occidental S.S. Co.*, F.2d 252, 254 (5th Cir. 1961).

12.

With regard to triggering the 30-day period from the defendant's receipt of "an amended pleading, motion, order, or other paper," as provided in § 1446(b)(3), the Fifth

Circuit has provided that the 30-day removal period is triggered only where jurisdiction is "unequivocally clear and certain" from the document. *See Scott*, 2015 WL 2137458, at *4, *citing Bosky*, 288 F.3d at 211 (stating that the statutory term "ascertained" means "unequivocally clear and certain").

13.

In effect, the originally nonremovable lawsuit becomes removable if a sufficient "other paper" presents itself, from which jurisdiction "is 'unequivocally clear and certain' from the document." *Bradley v. Wal-Mart Stores*, No. 21-498-BAJ-RLB, -- F. Supp. 3d -- , 2021 U.S. Dist. LEXIS 251898, 2021 WL 6751667, at *3 (M.D. La. Nov. 18, 2021) (quoting *Boskey v. Kroger Tex., LP*, 288 F.3d 208, 2011 (5th Cir. 2002)), *report and recommendation adopted*, No. 21-00498-BAJ-RLB, 2022 U.S. Dist. LEXIS 15982, 2022 WL 264541 (M.D. La. Jan. 27, 2022).

14.

This "other paper" does not need to be filed in the state court proceedings to provide a defendant a path to removal under this provision. *Addo v. Globe Life & Accident Ins. Co.*, 230 F.3d 759, 761 (5th Cir. 2000). Merely, once such "other paper" is received by the defendant, the 30-day removal clock commences, and "a notice of removal [can then] be filed within thirty days of the defendant's receipt." *Allen v. Bulk Logistics, Inc.*, 485 F. Supp. 3d 691, 693-94 (S.D. Miss. 2020) (citing *Mumfrey*, 719 F.3d at 397, 398). Thus, the existence of an "other paper" can allow for removal beyond the typical 30-day deadline if made within 30 days of its receipt by the defendant. *Villalobos v. Hudson Ins. Co.,* 2022 U.S. Dist. LEXIS 176996, at * (W.D. Tex. Sept. 29, 2022).

4

15.

It is undisputed that the parties in this matter have complete diversity. According to Plaintiff's Petition, Defrancesch Family Partnership, LLC, is a domestic limited liability company "authorized to do business in the State of Louisiana and domiciled in the Parish of St. John the Baptist."[1] Citizenship of a Limited Liability Company is determined by the citizenship of its members. 28 U.S.C. § 1332. Plaintiff's business filings with the Louisiana Secretary of State[2] indicate that Plaintiff has three members and one manager. These filings reflect that Plaintiff's members are Fred R. Defrancesch, Fred Defrancesch Jr., and Eliana Defrancesch, and Plaintiff's manager and registered agent in Dean Defrancesch.[3] Based on reasonable belief after a review of documents received from the Louisiana Secretary of State, these are Plaintiff's only members/managers.

16.

Plaintiff's business filings with the Louisiana secretary of State provide that the listed address for Fred R. Defrancesch, Fred Defrancesch Jr., Eliana Defrancesch, and Dean Defrancesch is 2810 W. Airline Highway, Laplace, Louisiana 70068.[4] Thus, the members/manager are Louisiana domiciliaries. Because they are domiciled in Louisiana, they are Louisiana citizens for the purpose of citizenship. *See, e.g.*, *Midcap Media Finance, LLC v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019). Therefore, Plaintiff's members/manager are Louisiana citizens—accordingly, Plaintiff, Defrancesch Family Partnership, LLC, is a Louisiana citizen.

---

[1] See Exhibit A, State Court Pleadings, Plaintiff's Petition at ¶ I.
[2] See Exhibit B.
[3] See Exhibit B.
[4] See Exhibit B.

5

17.

As reflected in the Petition, Scottsdale is a foreign out-of-state insurer. For purposes of diversity jurisdiction, a corporation is a citizen of its state of incorporation and the state where its principal place of business is located. 28 U.S.C. § 1332. Scottsdale is an Ohio corporation with its principal place of business in Arizona.[5] Accordingly, Scottsdale is a citizen of Ohio and Arizona.

18.

Therefore, the parties in this case are completely diverse. Plaintiff is, on information and belief, a citizen of Louisiana. Scottsdale is a citizen of Ohio and Arizona.

19.

A defendant seeking to remove a case must also establish by a preponderance of the evidence that the amount in controversy exceeds $75,000.00 to maintain diversity jurisdiction. *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 868 (5th Cir. 2002). A defendant may prove the jurisdictional amount in one of two ways: "(1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000 or (2) 'by setting forth *the facts* in controversy that support a finding of the requisite amount.'" *Id.* (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) (emphasis in original)).

20.

Recently received evidence from Plaintiff indicates that the amount in controversy exceeds the jurisdictional amount set forth under 28 U.S.C. 1332(a).

---

[5] See Exhibit B, Scottsdale's Records with the Ohio Secretary of State.

6

21.

On May 1, 2023, Scottsdale received Plaintiff's Initial Disclosures.[6] In accordance with its document production, Plaintiff produced an estimate for the alleged damages to each of the properties at issue in this matter from Building Damage Consultants.[7] In light of the estimates received on May 1, 2023, Scottsdale was in receipt of other documentation which establishes that the amount in controversy exceeds the jurisdictional limit, such to make the case removable.

22.

Pursuant to Plaintiff's estimates from Building Damage Consultants, Plaintiff's claim for damages to each of the subject properties is broken down as follows[8]:

**2810 W. Airline Highway**, Laplace, Louisiana
- Summary for Dwelling:       $899,990.96
- Summary for Contents:       $10,345.30
- Total:       **$910,336.26**

**412 Belle Alliance Drive**, Laplace, Louisiana
- Summary for Dwelling:       $74,127.03
- Summary for Contents:       $5,340.91
- Total:       **$79,467.94**

**201 Belle Terre Boulevard**, Laplace, Louisiana
- Summary for Dwelling:       $133,225.52
- Summary for Other Structures:       $7,008.76
- Summary for Contents:       $9,872.73
- Total:       **$150,107.01**

**211 Belle Terre Boulevard**, Laplace, Louisiana
- Summary for Dwelling:       $135,517.85
- Summary for Other Structures:       $7,156.18
- Total:       **$142,674.03**

---

[6] Exhibit C, Plaintiff's Initial Disclosures dated May 1, 2023.
[7] Exhibit D, Plaintiff's Estimate from Building Damage Consultants.
[8] Exhibit D, Plaintiff's Estimate from Building Damage Consultants.

**221 Belle Terre Boulevard**, Laplace, Louisiana
    Summary for Dwelling:        $221,544.42
    Summary for Other Structures:   $7,156.18
    Total:                           **$228,700.60**

**227 Belle Terre Boulevard**, Laplace, Louisiana
    Summary for Dwelling:        $135,792.81
    Summary for Other Structures:   $7,156.18
    Total:                           **$142,948.99**

**231 Belle Terre Boulevard**, Laplace, Louisiana
    Summary for Dwelling:        $139,344.15
    Summary for Other Structures:   $7,156.18
    Total:                           **$146,500.33**

**413 Belmont Drive**, Laplace, Louisiana
    Summary for Dwelling:        $137,153.36
    Summary for Other Structures:   $33,833.60
    Summary for Contents:        $10,421.55
    Total:                           **$181,408.51**

**1417 Cambridge Drive**, Laplace, Louisiana
    Summary for Dwelling:        $96,319.15
    Summary for Other Structures:   $10,482.16
    Total:                           **$106,801.31**

**1421 Cambridge Drive**, Laplace, Louisiana
    Summary for Dwelling:        $162,599.64
    Summary for Other Structures:   $10,810.09
    Summary for Contents:        $10,421.55
    Total:                           **$183,831.32**

**1732 Carrollwood Avenue, Unit 1**, Laplace, Louisiana
    Summary for Dwelling:        $222,714.81
    Total:                           **$222,714.81**

**1732 Carrollwood Avenue, Unit 2**, Laplace, Louisiana
    Summary for Dwelling:        $209,754.96
    Summary for Other Structures:   $9,559.76
    Total:                           **$219,314.72**

**1732 Carrollwood Avenue, Unit 3**, Laplace, Louisiana
    Summary for Dwelling:        $212,807.66
    Summary for Other Structures:   $9,559.76
    Total:                           **$222,367.42**

**1732 Carrollwood Avenue, Unit 4**, Laplace, Louisiana
    Summary for Dwelling:    $187,266.11
    Summary for Other Structures:    $6,177.30
    Total:    **$193,443.41**

**1832 Cinclair Loop**, Laplace, Louisiana
    Summary for Dwelling:    $69,229.03
    Summary for Other Structures:    $14,864.66
    Summary for Contents:    $10,437.40
    Total:    **$94,531.09**

**1849 Cinclar Loop**, Laplace, Louisiana
    Summary for Dwelling:    $155,653.33
    Summary for Other Structures:    $4,909.98
    Summary for Contents:    $9,854.94
    Total:    **$170,418.25**

**1905 W. Frisco Drive**, Laplace, Louisiana
    Summary for Dwelling:    $214,865.87
    Summary for Other Structures:    $16,034.96
    Summary for Contents:    $10,182.55
    Total:    **$241,083.38**

**1504 Grant Street**, Laplace, Louisiana
    Summary for Dwelling:    $44,810.20
    Summary for Other Structures:    $10,678.93
    Total:    **$55,489.13**

**2401 Hebert Drive**, Laplace, Louisiana
    Summary for Dwelling:    $57,221.09
    Summary for Other Structures:    $14,742.07
    Summary for Contents:    $106.07
    Total:    **$72,069.23**

**8796 Houma Drive**, Laplace, Louisiana
    Summary for Dwelling:    $64,514.15
    Summary for Other Structures:    $12,271.58
    Summary for Contents:    $10,107.26
    Total:    **$86,892.99**

**732 Madewood Drive**, Laplace, Louisiana
    Summary for Dwelling:    $89,836.99
    Summary for Contents:    $10,211.99
    Total:    **$100,048.98**

**333 Rosedown Drive**, Laplace, Louisiana
    Summary for Dwelling:    $52,736.60
    Summary for Other Structures:    $12,073.93
    Summary for Contents:    $182.32
    Total:    **$64,992.85**

**337 Rosedown Drive**, Laplace, Louisiana
    Summary for Dwelling:    $26,254.11
    Summary for Other Structures:    $9,824.76
    Total:    **$36,078.87**

**163 Rue St. Charles**, Vacherie, Louisiana
    Summary for Dwelling:    $141,845.65
    Summary for Contents:    $10,345.30
    Total:    **$152,190.95**

**1304 N. Sugar Ridge Drive**, Laplace, Louisiana
    Summary for Dwelling:    $69,017.72
    Summary for Other Structures:    $4,698.23
    Summary for Contents:    $10,048.47
    Total:    **$83,764.19**

**2104 N. Sugar Ridge Drive**, Laplace, Louisiana
    Summary for Dwelling:    $65,509.82
    Summary for Other Structures:    $16,787.76
    Summary for Contents:    $10,239.23
    Total:    **$92,536.81**

**1905 S. Sugar Ridge Drive**, Laplace, Louisiana
    Summary for Dwelling:    $42,679.87
    Summary for Other Structures:    $26,211.72
    Total:    **$68,891.59**

**8789 Sunnyside Drive**, Laplace, Louisiana
    There was no estimate provided for this property

**2200 Tiffany Drive**, Laplace, Louisiana
    Summary for Dwelling:    $213,371.95
    Summary for Other Structures:    $7,733.72
    Summary for Contents:    $10,315.48
    Total:    **$231,421.15**

**1409 Yorktown Drive**, Laplace, Louisiana
    Summary for Dwelling:    $54,353.46
    Summary for Other Structures:    $3,810.43

      Summary for Contents:    $9,974.82
      Total:    **$68,138.71**

**2800 Yorktown Drive**, Laplace, Louisiana
      Summary for Dwelling:    $130,461.29
      Summary for Other Structures:    $8,991.66
      Summary for Contents:    $10,107.26
      Total:    **$149,560.21**

Total for All Properties:    $4,898.725.04
Less Amount Previously Paid:    $1,796,432.28
**Total Claimed By Plaintiff:**    **$3,102,292.76**

Accordingly, the amount in dispute well exceeds $75,000.

23.

Plaintiff further alleges that Scottsdale violated Louisiana's bad faith statutes, including La. R.S. 22:1892 and 22:1973.[9] If Scottsdale is found to have violated La. R.S. 22:1892, Plaintiff could be entitled to an award of penalties up to half as much it is found to be owed under the policy, plus attorney fees.

24.

Accordingly, based on reasonable belief, Plaintiff seeks at least $3,102,292.76 in actual damages, plus as much as $1,551,146.38 in penalties under La. R.S. 22:1892, plus attorney fees (i.e., a sum of $4,653,439.14 plus attorney fees).

25.

Further, if Scottsdale is found to have violated La. R.S. 22:1973, Plaintiff could be entitled to an award of penalties that equals as much as double the amount of its damages, plus any damages incurred as a consequence of Scottsdale's alleged failure to pay, plus attorney fees. La. R.S. 22:1973(C).

---

[9] See Exhibit A, State Court Pleadings, Plaintiffs' Petition at ¶ VII.

11

26.

Accordingly, based on reasonable belief, Plaintiff seeks at least $9,306,878.28 in damages and penalties under La. R.S. 22:1973, plus attorney fees. Thus, the total amount in controversy well exceeds the jurisdictional amount of $75,000.00.

27.

The period for filing a subsequent removal is 30 days beginning to run from receipt of the "other paper" evidencing that the case is removable. Thus, the timeline for this subsequent Notice of Removal began to run on May 1, 2023 when Scottsdale received Plaintiff's estimate from Building Damage Consultants. Accordingly, Scottsdale's subsequent removal is timely.

28.

Therefore, because Plaintiff is diverse from Scottsdale and because the amount in controversy exceeds the jurisdictional amount, 28 U.S.C. § 1332 grants this Court original jurisdiction over this action. 28 U.S.C. § 1446 further authorizes removal of this action to this Court.

29.

Scottsdale is the only named defendant in this lawsuit, and thus is not required to seek the consent of any other defendant. 28 U.S.C. 1446(b)(2)(a).

30.

A copy of this Notice of Removal is being served on Plaintiff through its counsel of record, and a copy of said Notice of Removal will be filed promptly with the Clerk of Court for the 40th Judicial District Court for the Parish of St. John the Baptist, State of Louisiana.

31.

Based on information and belief, Exhibit "A" hereto, consists of all pleadings and process contained in the state court record as of the date of the filing of this Notice of Removal. Exhibit "A" includes the following documents: Petition for Damages and Citation and Service Copies of Petition Issued, and Case Management Order Regarding Certain Property Damage Suits Arising From Hurricane Ida and Nationwide Mutual Insurance Company original Notice of Removal.

32.

Nationwide expressly reserves any and all defenses, whether in law or in fact, including but not limited to, lack of jurisdiction, improper venue, insufficient service of process, prescription, laches, failure to state a claim upon which relief can be granted and/or limitation of liability on its own behalf and/or on behalf of its underwriters.

**WHEREFORE**, Defendant Scottsdale Insurance Company, prays that this Court recognize and exercise its jurisdiction over this matter and that the civil action instituted by Plaintiff in 40th Judicial District Court for the Parish of St. John the Baptist, State of Louisiana, in the action entitled *Defrancesch Family Partnership, LLC v. Nationwide Mutual Insurance Company*, Docket No. 78386, Division "C," be removed to this Court for all further proceedings.

[Signature and Certificate of Service on following page]

Respectfully submitted:

s/Mark E. Hanna_____
MARK E. HANNA (#19336)
MOULEDOUX, BLAND, LEGRAND &
    BRACKETT, LLC
701 Poydras Street, Suite 600
New Orleans, Louisiana 70139
Telephone (504) 595-3000
Facsimile: (504) 522-2121
E-mail:       mhanna@mblb.com

*Attorney for Scottsdale Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on May 25, 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants.

I further certify that I mailed the foregoing document and the notice of electronic filing by electronic mail to the following:

**Plaintiff, Defrancesch Family Partnership LLC, through its counsel of record:**
Tomy J. Acosta (#29737)
Dean T. Defrancesch (#36779)
2810 W. Airline Highway
Laplace, LA 70068
Telephone: (985) 536-9700
Facsimile: (985) 536-9703
lawoffice70068@gmail.com

                                      s/Mark E. Hanna